IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN CUSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:20-cv-866 |
| ) | |
| COMCAST OF WILLOW GROVE, INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff, Karen Custer, for her complaint against Defendant, Comcast of Willow Grove, Inc., states the following:

**I. Parties**

1. Plaintiff is a resident of Alexandria, Indiana.

2. Defendant is a company doing business in Marion County, Indiana.

**II. Jurisdiction and Venue**

3. This court has jurisdiction to hear these claims pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under Title VII, the ADAAA and Section 1981.

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

### III. Factual Allegations

5. Plaintiff began working for Defendant in April 28, 2008.

6. Plaintiff was an employee of Defendant.

7. The last position that Plaintiff worked for Defendant was a Customer Service Specialist.

8. At her termination, Plaintiff was $19.71 per hour working for Defendant.

9. Plaintiff suffers from a disability, chronic migraines.

10. Plaintiff suffers from a serious health condition, chronic migraines.

11. In 2018, Plaintiff began experiencing issues with chronic migraines.

12. At some point in 2018, Plaintiff's doctor opined that she could need up to eight (8) occurrences lasting one to two (1-2) days a month.

13. When Plaintiff presented the doctor's note to Defendant, Defendant rejected this and only approved three (3) such occurrences.

14. Plaintiff was missing work due to chronic migraines.

15. Plaintiff was needing to leave work early due to chronic migraines.

16. As a result of the absences, Defendant was issuing Plaintiff UAP's (Unapproved Points).

17. As a result of leaving work early, Defendant was issuing Plaintiff UAP's.

18. By mid-February, Plaintiff had 6.5 UAP's when she met with her Supervisor, Orlando Smith, and the Human Resource Manager, Tamara Roberts.

19. During this meeting Plaintiff again explained her chronic migraine issue and explained that this was the reason that she was missing work and having to leave early.

20. Plaintiff reiterated that her doctor had opined that she would need eight occurrences a month and that Defendant had only approved three occurrences.

21. On March 5, 2019, Defendant fired Plaintiff for absenteeism and tardiness.

22. Defendant fired Plaintiff in retaliation for taking disability leave pursuant to the ADAAA.

23. Defendant fired Plaintiff in retaliation for taking FMLA leave.

24. Defendant fired Plaintiff to interfere with her ability to take FMLA leave.

25. Defendant discriminated against Plaintiff for taking disability leave pursuant to the ADAAA.

26. Defendant subjected Plaintiff to disparate treatment in violation of the ADAAA.

27. Defendant violated the ADAAA by failing to accommodate her doctor orders.

28. Defendant violated the ADAAA by refusing to take part in the interactive process with Plaintiff.

29. Defendant violated the ADAAA by refusing to accept Plaintiff's doctor's order with regard to her migraines.

30. Defendant violated the ADAAAA by regarding Plaintiff as disabled.

31. Defendant violated the ADAAA by wrongfully terminating Plaintiff because of her disability.

32. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining about these facts and making these allegations of discrimination, retaliation and disparate treatment under the ADAAA on August 29, 2019.

33. On December 19, 2019, the EEOC issued a Dismissal Notice of Rights to Plaintiff.

## Count I
## Violations of ADAAA

34. Plaintiff incorporates paragraphs 1 through 33 by reference herein.

35. Plaintiff was discriminated against by Defendant in violation of ADAAA.

36. Defendant permitted Plaintiff to be discriminated against in violation of ADAAA.

37. Defendant permitted Plaintiff to be subjected to disparate treatment in violation of ADAAA.

38. Defendant permitted Plaintiff to be retaliated against in violation of ADAAA.

39. Defendant retaliated against Plaintiff in violation of ADAAA.

40. Defendant violated the ADAAA by failing to accommodate her doctor orders.

41. Defendant violated the ADAAA by refusing to take part in the interactive process with Plaintiff.

42. Defendant violated the ADAAA by refusing to accept Plaintiff's doctor's order with regard to her migraines.

43. Defendant violated the ADAAAA by regarding Plaintiff as disabled.

44. Defendant violated the ADAAA by wrongfully terminating Plaintiff because of her disability.

45. Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by ADAAA.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

    D.    Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

    E.    Enter an award for such other relief as may be just and appropriate.

    Respectfully Submitted,

    WELDY LAW

    /s/Ronald E. Weldy
    Ronald E. Weldy, #22571-49

### Count II
### Violations of FMLA

46.    Plaintiff incorporates paragraphs 1 through 45 by reference herein.

47.    Plaintiff worked over 1,250 hours prior to her request for FMLA leave in 2019.

48.    Defendant had at all time relevant to this lawsuit 50 or more employees within a 75 mile radius of the office in which Plaintiff worked for Defendant.

49.    Plaintiff was eligible for FMLA leave in 2019 while working for Defendant.

50.    Defendant terminated Plaintiff for taking FMLA days off.

51.    Defendant terminated Plaintiff in retaliation for taking FMLA days off.

52.    Defendant interfered with Plaintiff right to take FMLA leave.

53.    Defendant terminated Plaintiff to interfere with her ability to take FMLA leave.

54.    Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

    A.    Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by FMLA.

    B.    Grant any and all equitable relief available to Plaintiff.

    C.    Enter an order awarding Plaintiff liquidated damages.

      D.      Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

      E.      Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

55.    Plaintiff incorporates paragraphs 1 through 54 by reference herein.

56.    Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
Karen Custer

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com